INSURANCE COMPANY OF NORTH AMERICA, a corporation, and State Farm Fire & Casualty, a corporation, Subrogees, Plaintiffs,

v.

COAST CATAMARAN CORPORATION a wholly owned subsidiary of the Coleman Company, Inc., and Coleman Company, Inc., a Kansas corporation, Defendants.

Civ. No. 87–198–D–1.

United States District Court,
S.D. Iowa,
Davenport Division.

Jan. 8, 1991.

John Scott Hoff, Michael D. Simmons, and Brandt Madsen of Lapin Law Firm, Chicago, Ill., and Roland ·D. Peddicord and Fred L. Morris of Peddicord & Wharton, Des Moines, Iowa, for plaintiffs.

Steven K. Warbasse and Ross Hauser of Warbasse & Roush, P.C., Cedar Rapids, Iowa, for defendants.

## RULING DENYING MOTION
## TO REOPEN

WOLLE, District Judge.

Plaintiffs' motion to reopen this diversity action presents limitations questions arising under Iowa law. Plaintiffs' complaint, which they wish to revive, states that defendants are liable for contribution toward a settlement plaintiffs made in 1985. Defendants resist the motion to reopen, contending the Iowa one-year statute of limitations, Iowa Code section 668.6(3)(b) (1989), bars the action and renders useless the reopening of this case. Plaintiffs contend in response that defendants waived their limitations defense by failing to assert it when the case was first filed. They further contend the appropriate limitations period is not one year but five years under Iowa Code chapter 614.

The court concludes that 1) defendants did not waive their limitations defense by failing to raise it in their answer to the plaintiffs' 1987 complaint; 2) section 668.8, a tolling provision, has not preserved plaintiffs' claim; and 3) section 668.6(3)(b) does bar their action, whether based on negligence or strict liability in tort.

*Background.* On May 16, 1979, the mast of a sailboat three persons were sailing on Lake McBride, in Johnson County, Iowa, came in contact with a high voltage electrical transmission line operated by Iowa Electric Light and Power Company, causing the death of one boater. Iowa Power settled the claim brought by the dead boater's estate. The two insurance companies who are plaintiffs in this suit insured the potential liability of one boat occupant to the others. They contributed $80,000 to the settlement of the estate's claim. The plaintiff insurers then determined they should seek to recover contribution from the defendants in this lawsuit, alleged by the plaintiff insurers to have been negligent or strictly liable in tort for failing to warn and for inadequately designing the sailboat mast. The plaintiffs commenced this action on October 22, 1987; defendants answered without raising a limitations defense. Following pretrial motions and scheduling of trial, plaintiffs filed a motion to dismiss their action without prejudice, apparently because of the unavailability of a trial witness. The court granted the unresisted motion and dismissed the action on October 26, 1988.

On September 21, 1990, plaintiffs filed the pending motion to reopen this case. Defendants resist reopening.

■ *Waiver.* Neither party has cited authorities directly on point on the waiver issue, largely because the procedural circumstances of this case are unique. Plaintiffs correctly note that the failure to plead an affirmative defense, such as a limitations defense, may result in waiver and exclusion of that defense from the case. *See, e.g., Davis v. Bryan,* 810 F.2d 42, 44 (2d Cir.1987); C. Wright & A. Miller, Federal Practice and Procedure § 1278, at 477–90 (1990). Defendants correctly note that courts have discretion to allow defenses pleaded belatedly and should liberally allow such an amendment when in the interest of justice. *See, e.g., Sylla v. Massey–Ferguson, Inc.,* 595 F.Supp. 590, 591–92 (E.D. Mich.1988); *McKinley v. Bendix Corp.,* 420 F.Supp. 1001, 1002 (W.D.Mo.1976); Wright & Miller § 1278, at 491–502.

■ The interests of justice are best served by granting defendants permission to assert their limitations defense at this stage of the case. By dismissing their case in 1988, plaintiffs caused it to be delayed by nearly two years. Statutes of limitations serve the important purpose of preventing the filing of stale claims. Claims that might not be stale when initially asserted may be stale if reopened two years later.

■ Plaintiffs suggest the time for filing this suit was tolled by Iowa Code section 668.8 that provides:

The filing of a petition under this chapter tolls the statute of limitations for the commencement of an action against all parties who may be assessed any percentage of fault under this chapter.

But dismissal of this action in 1988 ended the tolling; when plaintiffs had not filed their request to reopen this dismissed ac-

tion within the year after they dismissed it, the one-year limitations period of section 668.6 had expired.

*Applicable limitations statute.* Plaintiffs concede that their lawsuit is governed by Iowa Code chapter 668, the Iowa Comparative Fault statute that was enacted in 1984. By its terms, chapter 668 applies to all cases filed on or after July 1, 1984. 1984 Iowa Acts ch. 1293 § 15. Section 668.6 provides, in pertinent part, that "an action for contribution must be commenced within one year after the judgment becomes final" or after "the date of that payment [that discharges liability]."

 Plaintiffs contend that the one-year limitation period in chapter 668 is inapplicable to actions like this "brought under the theory of products liability, to include both negligent products liability and strict products liability." They argue that the Iowa Supreme Court, in *Speck v. Unit Handling Div.*, 366 N.W.2d 543 (Iowa 1985), held that Iowa's Comparative Fault statute does not apply to actions for strict liability. Plaintiffs misread the *Speck* holding.

*Speck* was an action brought before the effective date of the Iowa Comparative Fault statute. *Speck* was governed not by chapter 668 but by common-law comparative-fault principles adopted in *Goetzman v. Wichern*, 327 N.W.2d 742 (Iowa 1982), and its progeny. *See generally Speck*, 366 N.W.2d at 544–56. In *Speck*, the Iowa Supreme Court held that chapter 668, the Iowa Comparative Fault statute, did not apply to the facts in that lawsuit, consequently the statute did not change common-law principles governing negligence as an affirmative defense to strict liability. The court wrote that for purposes of that case section 668 "does not affect the relationship between a plaintiff's alleged negligence in the ordinary sense and a seller's alleged strict liability" in that case. *Id.* at 546. But this case, unlike *Speck*, is governed by Iowa Code chapter 668, the comparative fault statute. And section 668.1 explicitly provides that "fault" includes "one or more acts or omissions that are in any measure negligent or reckless toward the person or property of the actor or oth-

ers, or that subject a person to strict tort liability."

 Under Iowa Code section 668.6, plaintiffs were required to bring this action for contribution not later than one year after they made their payment that discharged the liability to other parties. They brought the action more than two years after that payment. They are not entitled to reopen the case more than four years after that deadline. Plaintiffs' claim for contribution is barred by Iowa Code section 668.6 (1989).

The court denies plaintiffs' motion to reopen this case they previously dismissed.

IT IS SO ORDERED.