665 So.2d 276 (1995)
Maxine STONE, as Personal Representative of the Estate of Samuel Stone, Deceased, Appellant,
v.
Robert ROSENTHAL, M.D.; Lewis & Rosenthal, P.A., n/k/a Lewis, Rosenthal & Baum, M.D., jointly and severally; Edward H. Kaplan, M.D., and Edward H. Kaplan, M.D., P.A., Appellees.
No. 94-3289.
District Court of Appeal of Florida, Fourth District.
November 22, 1995.
Rehearing and Certification Denied January 17, 1996.
Richard A. Sherman and Rosemary A. Wilder of Richard A. Sherman, P.A., and H. Mark Purdy of Purdy & Flynn, P.A., Fort Lauderdale, for appellant.
Jon M. Oden and Lora A. Dunlap of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for appellees-Robert Rosenthal, M.D., Lewis & Rosenthal, P.A., n/k/a Lewis, Rosenthal & Baum, M.D., P.A.
STONE, Judge.
Maxine Stone, as personal representative of the estate of her deceased husband, Samuel Stone (Stone), appeals a final summary judgment entered in favor of two of the *277 defendants in a wrongful death action, Dr. Robert Rosenthal and Lewis & Rosenthal, P.A. (Appellees), who argued that her claim was barred by the two-year statute of limitations for medical malpractice actions. We reverse.
Stone was admitted to the Boca Raton Community Hospital on February 24, 1990, lapsed into a coma shortly after admission, and remained in a coma until his death. Rosenthal was the physician who cared for him; Lewis & Rosenthal, P.A. was Rosenthal's employer.
On September 14, 1990, Appellant was appointed emergency temporary guardian of Stone's person and property; after an extension, her appointment expired on December 23rd. On December 19th, Stone was determined to be totally incapacitated. Stone's son, Kenneth Stone, was issued letters of plenary guardianship of Stone's person on January 28, 1991. It is unclear from the record whether a permanent guardian of Stone's property was ever appointed.
Stone died on September 27, 1991, and Appellant was appointed personal representative. Prior to filing suit against Appellees and others, Appellant mailed statutory notice letters, pursuant to section 766.106(2), Florida Statutes, to each prospective defendant on August 7, 1992. One defendant, not either of Appellees, challenged the medical expert opinion submitted in connection with the notice; in response, Appellant mailed all Defendants a second set of statutory notice letters, with a new expert opinion, on February 4, 1993. She filed suit on June 3, 1993.
Section 95.11(4)(b), Florida Statutes (1993), provides in part that "[a]n action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence." Appellees argue that the action must be barred by the statute, regardless of whether the cause of action accrued on the date the alleged malpractice occurred, the date Appellant started to investigate it, the date she hired an attorney, or, at the latest, the date Kenneth Stone was appointed as Stone's permanent guardian. Counting from the last date, January 28, 1991, the initial set of notice letters was sent within the two-year statute. The statute was then tolled for 90 days, or from August 7, 1992, until November 5, 1992; and, as more than 60 days then remained prior to the running of the statute, the statute would have run on April 28, 1993. § 766.106(4), Fla. Stat. (1993). Apparently, the trial court agreed in finding the statute had run before Appellant filed suit.
Initially, we reject Appellant's argument that a genuine issue of material fact, concerning whether the second set of notice letters was effective to toll the statute for a second 90-day period, precluded the court from granting summary judgment. The record does not reflect, and neither party asserts, that the parties stipulated to an extension of the 90-day notice period, as they could have done pursuant to section 766.106(4), Florida Statutes, which would have extended the tolling of the statute. The purpose of the 90-day period is to give a prospective defendant an opportunity to investigate the claim and avoid litigation by settling it. See Castro v. Davis, 527 So.2d 250 (Fla. 2d DCA 1988). The statute makes no provision for a plaintiff unilaterally to extend the statute of limitations by serving successive notices.
However, we reverse and remand because we agree with Appellant that the record is insufficient for the trial court to have made a determination as to when the cause of action accrued, and, therefore, whether or not the statute of limitations had run prior to the date Appellant filed suit.
In Tanner v. Hartog, 618 So.2d 177, 181 (Fla. 1993), the Florida Supreme Court construed section 95.11(4)(b), Florida Statutes, to mean that more than mere notice of injury is required to start the statute of limitations running; knowledge of a reasonable possibility that the injury was caused by medical malpractice is also necessary.
In the instant case, as of each date on which Appellees suggested the cause of action might have accrued, Stone had neither notice of the injury nor knowledge it might have been caused by his doctor's malpractice, *278 because he remained unconscious from the date of the injury until his death. We reject Appellees' argument that Appellant's notice and knowledge during that period could be imputed to Stone merely because she was his wife; the record does not reflect that Appellant stood in a representative capacity charged with a duty to file actions to protect Stone's property rights at any time prior to her appointment as personal representative of his estate. See Arthur v. Unicare Health Facilities, Inc., 602 So.2d 596 (Fla. 2d DCA), rev. denied, 613 So.2d 4 (Fla. 1992).
The Arthur court held that one lacking conscious awareness could not have notice sufficient to trigger the start of the section 95.11(4)(b) limitations period and declined to impute to the victim the notice of the holder of his power of attorney. It reasoned that, because the friends and family of an emancipated adult have no duty to institute suit on the adult's cause of action, notice to them of possible malpractice committed on the adult cannot be imputed to the adult in the way that a parent's knowledge is imputed to an injured child or a guardian's to the ward. Id. at 599. See also Washington v. United States, 769 F.2d 1436 (9th Cir.1985) (reversing summary judgment in favor of defendant, where action was brought 14 years after decedent went into a coma, but within two years of her death; claim did not accrue until her death, as decedent never became aware of her injury, and no one was appointed her guardian with legal duty to file action on her behalf). See generally Cintron By and Through Cintron v. City of Colorado Springs By and Through Memorial Hosp., 886 P.2d 291, 292 (Colo. App. 1994) (reversing summary judgment entered against minor plaintiff for failure to give timely written notice of claim; because parents had no legal duty to prosecute claim on child's behalf, parents' knowledge of injury could not be imputed to child so as to commence running of notice period).
We do not believe that Appellant's temporary status as Stone's emergency guardian imposed upon her the duty to file a malpractice suit on his behalf. Nor does the record on appeal show that Kenneth Stone (or anyone else) was appointed permanent guardian of Stone's property, nor does the record indicate that he had notice of the possible malpractice at any time earlier than two years prior to Appellant's filing suit.
Therefore, we reverse the summary judgment and remand for further proceedings. On any subsequent consideration of the statute of limitations issue, the trial court will have to determine whether a property guardian was appointed for Stone and charged with knowledge of the possible malpractice so as to start the statute of limitations running at some time prior to Stone's death. Otherwise, this cause of action could not accrue until Appellant's appointment as personal representative of his estate, in which case suit on June 3, 1993, would have been within the two-year statute.
FARMER, J. and JEFFREY STREITFELD, Associate Judge, concur.