# IN THE COURT OF APPEALS OF IOWA

No. 24-0989
Filed December 3, 2025

**MOLLY BURGESS SMITH,**
    Plaintiff-Appellant,

**vs.**

**CATHOLIC HEALTH INITIATIVES—IOWA CORP d/b/a MERCYONE DES MOINES MEDICAL CENTER, SARIAH STEED, RN, DUSTIN UHLENHOPP, DO, and DALE GRUNEWALD, DO,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

A plaintiff appeals an adverse summary-judgment ruling finding her petition was barred by the statute of limitations. **AFFIRMED.**

William W. Graham of Duncan Green, P.C., Des Moines, for appellant.

Janice M. Thomas and John A. Maschman of Lamson, Dugan, & Murray, LLP, West Des Moines, for appellee Dale Grunewald, D.O.

Sarah E. Schleisman and Frederick T. Harris of Lamson, Dugan, & Murray, LLP, West Des Moines, for appellees Catholic Health Initiatives Iowa Corp. d/b/a MercyOne Des Moines Medical Center, Sariah Steed, R.N., and Dustin Uhlenhopp, D.O.

Considered without oral argument by Tabor, C.J., and Greer and Buller, JJ.

**BULLER, Judge.**

Molly Smith appeals from an adverse summary-judgment ruling in her lawsuit against Catholic Health Initiatives Iowa Corp. and other medical defendants set forth in the caption (who we collectively refer to as "CHI" in this opinion). For the reasons that follow—primarily application of controlling case law and the lack of reversible error—we affirm.

## I.       Background Facts and Proceedings

In October 2019, Molly was hospitalized at MercyOne Hospital in Des Moines. She alleges that she suffered damages from her medical care while there, including from a medication she was prescribed.

In October 2021, before the statute of limitations ran, Molly's husband Dennis filed various papers representing himself and purporting to bring suit as Molly's conservator. These filings culminated with a March 2022 ruling in the district court finding that Dennis had engaged in the unauthorized practice of law and his actions in so doing were "void." That court further concluded that action, at least as pertained to Dennis's attempt to represent Molly, was a "nullity." That ruling is final for purposes of this appeal.[1]

In 2022, Molly filed the petition giving rise to this appeal in her own name, through counsel, alleging medical malpractice and the violation of a federal statute. CHI moved to dismiss on multiple grounds, including failure to state a claim and the statute of limitations. The district court dismissed two counts for failure to state

---

[1] Dennis did not pursue the void-ruling claim in his own appeal, also decided today. *See Smith v. Catholic Health Initiatives Iowa Corp.,* No. 24-0993, 2025 WL _____, at *_ (Iowa Ct. App. Dec. 3, 2025).

a claim and the remaining eight counts as beyond the statute of limitations. Molly moved for reconsideration, which the court also denied. She appeals, challenging only the statute-of-limitations ruling, which we review for correction of errors at law. Iowa R. App. P. 6.907.

## II.     Discussion

Molly advances four arguments on appeal: (1) she believes the statute of limitations should have been tolled due to her disability; (2) she alleges the district court resolved disputed facts, in violation of the summary-judgment standard; (3) she argues the discovery rule applies; and (4) she contends the savings statute codified at section 614.10 barred dismissal. We consider each of these in turn.

First, Molly relies on Iowa Code section 614.8 (2021), which provides that statutes of limitations are "extended in favor of persons with mental illness, so that they shall have one year from and after the termination of the disability within which to . . . commence an action." Iowa Code § 614.8(1). The undisputed basis for Molly's disability claim dates to 2000, when Molly alleges she experienced a stroke causing anterograde amnesia, rendering her unable to retain new information. The district court found that, because Molly brought this lawsuit in her own name, she necessarily was not disabled within the meaning of section 614.8. And that is exactly what the supreme court has previously held: "The statute of limitations is not tolled if the person has a mental illness not rising to the level of a disability such

as to prevent the person from filing a lawsuit." *Langner v. Simpson*, 533 N.W.2d 511, 523 (Iowa 1995). The district court properly relied on *Langner*.[2]

Next, Molly cites this passage from the district court's ruling: "Because the facts do not lead the Court to believe that [Molly] had been or was continuously mentally disabled to the point that she could not understand her rights, the tolling provision would not apply to this case." She argues this shows the district court weighed credibility and resolved disputed facts. We are not convinced. The most plausible reading of the quoted statement is that the district court, even taking all properly pled facts in Molly's favor, was not persuaded Molly was so disabled she could not understand her rights. But more importantly, given the holding of *Langner* and that Molly brought this suit in her own name, the district court's stray observations are irrelevant. *See id.* We discern no reversible error.

Third, Molly claims the district court should have found her petition timely under a version of the discovery rule because she did not discover her injury until more than two years after the injury was accrued and thus the statute had not run. She claims specifically on appeal that she "never" discovered facts sufficient for notice. We aren't sure what to make of this claim, and it seems the district court felt similarly.[3] After all, if Molly never discovered her injury, how can she invoke the discovery rule to start the clock for the statute of limitations? In any event, even if we assume Molly was disabled, the discovery rule also contemplates claims

---

[2] It may be even harder to apply section 614.8's tolling provision to Molly's case than in *Langner* because Molly does not identify a time marking "the termination of her disability" from which the statute of limitations would begin to run.

[3] We assume without deciding that error was preserved on this issue. CHI does not really address it in the briefing but Dr. Grunewald's brief does.

accruing from imputed knowledge. *See Franzen v. Deere & Co.*, 377 N.W.2d 660, 662 (Iowa 1985). And it is undisputed that Dennis—Molly's conservator—discovered the injury within the statute of limitations, as evidenced by Dennis filing the now-void lawsuit within the limitations period. *See Leiberkneckt v. Bridgestone/Firestone, Inc.*, 980 F. Supp. 300, 308–09 (N.D. Iowa 1997) (collecting cases on a guardian and conservator's duties to pursue claims, in the context of whether knowledge can be imputed under the discovery rule).

Last, Molly urges the savings statute at section 614.10 rescues her case from the statute of limitations. However, four preconditions are required to invoke the savings statute: "(1) failure of a former action not caused by the plaintiff's negligence; (2) the commencement of a new action brought within six months thereafter; (3) the parties must be the same; and (4) the cause of action must be the same." *Wetter v. Dubuque Aerie No. 568, Fraternal Ord. of Eagles*, 588 N.W.2d 130, 132 (Iowa Ct. App. 1998). The district court reasoned that, because the former suit by Dennis was void, Molly cannot invoke the savings statute as there was no "former action" to trigger the savings statute. Molly does not cite any applicable legal authority that conflicts with this ruling; she only complains that she thinks its application is unfair as a matter of policy. On our review, we agree with the district court that, when there is no former action (whether because it is void or otherwise), the statute does not apply on its face. And although we have no case law directly on point to this conclusion, our holding is consistent with how we've previously treated the relation-back doctrine when the earlier suit was unauthorized and therefore void. *Cf. Hammen v. Iles*, No. 12-1134, 2013 WL 2368810, at *3 (Iowa Ct. App. May 30, 2013) ("The relation-back doctrine does

not apply to save this suit filed by persons without the capacity to sue on [a child]'s behalf.").

### III. Disposition

Discerning no legal error, we affirm the district court's ruling.

**AFFIRMED.**