PER CURIAM.
The Florida Supreme Court Committee on Standard Jury Instructions in Civil Cases (the Committee) recommends that The Florida Bar be authorized to publish as revisions and additions to Florida Standard Jury Instructions (Civil) the following: (1) a revision to the title of instruction 3.8; (2) the addition of a footnote to instruction 3.8; (3) the addition of a new instruction 3.8g entitled “Statute of Limitations, Medical Malpractice” to be used in medical negligence cases where the statute of limitations is asserted as a defense; and (4) a model verdict form for use in medical negligence cases where the statute of limitations is asserted as a defense.
The proposed revised and new instructions and verdict form were published in The Florida Bar News on February 15, 1997, and received four comments. Further, the Committee specifically sought input .from the Florida Defense Lawyers’ Association and from the Academy of Florida Trial Lawyers. The final draft of the instructions and verdict form were not changed following consideration of comments. The instructions and verdict form received Committee approval after consideration at meetings which occurred between February 1990 and March 1997. All who responded to the publication were advised that their comments had been considered by the Committee and that the Committee intended to submit the instructions and verdict form to the Court as drafted. Thereafter, all responses and comments were submitted to and considered by the Court.
We commend the Committee for its diligence and thoroughness, and we authorize the publication and use of these instructions and verdict form. In doing so, we express no opinion on the correctness of these instructions or the verdict form and remind all interested parties that this approval forecloses neither requesting additional or alternative instructions or verdict forms nor contesting the legal correctness of the instructions or verdict form. The revised and new instructions and verdict form are appended to this opinion; new language is indicated by underscoring, and deletions are indicated by struck-through type. The revised and new instructions and verdict form will be effective on the date this opinion is filed.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
APPENDIX
3.8
DEFENSE ISSUES OF CONTRIBUTORY- NEGLIGENCE AND ASSUMPTION OF RISK
If, however, the greater weight of the evidence does support the claim of (claimant), then you shall consider the defense[s] raised by (defendant).
On the [first]* defense, the issues for your determination are:

*380
MS

STATUTE OF LIMITATIONS MEDICAL

MALPRACTICE

Whether (claimant)* knew, or by the use of reasonable care should have known, before (date) that [he][she] [(person for whose injury the claim is made)] had been injured or damaged and that there was a reasonable possibility that the injury or damage was caused by medical negligence.
If the greater weight of the evidence supports the defense of (defendant) on this issue, the plaintiffs claim is time barred and your verdict is for the defendant. If, however, the greater weight of the evidence does not support the defense of (defendant) on this issue [you shall consider the following additional defenses] [your verdict should be for (claimant) in the full amount of [his][herj damages.]

Note on Use on 3.8g

1. When the statute of limitations is asserted as a defense, it should ordinarily be the first defense.
2. The date inserted in the instruction will ordinarily be two years before the date on which either the notice of intent was served or the petition to extend the statute of limitations was filed. Fla. Stat. § 95.11(4)(b); Fla. Stat. § 766.106; Fla. Stat. § 766.104(2).

Comment on 3.8g

This instruction is intended for use only in medical negligence cases. See Tanner v. Hartog, 618 So.2d 177 (Fla.1993); Fla. Stat. § 95.11(4)(b).

For use in conjunction with S.8g when there is an issue regarding the statute of limitations in a medical negligence case

VERDICT

We, the Jury, return the following verdict:
1. Was there negligence on the part of (defendant) which was a legal cause of [loss] [injury] [or] [damage] to (claimant)?
.YES _ NO _
If your answer to question 1 is NO, your verdict is for (defendant) and you should not proceed further except to date and sign the verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.
2. Did (claimant) know, or by the use of reasonable care should [he][she] have known, on or before (date), that (claimant or person for whose injury or death claim is made) had sustained injury or damage and that there was a reasonable possibility that the injury or damage was caused by medical negligence?
YES _ NO _
If your answer to question 2 is YES, then your verdict is for (defendant) and you should not proceed further except to date and sign the verdict form and return it to the courtroom. If your answer to question 2 is NO, please answer question 3.
3. Was there negligence on the part of (claimant) which was a legal cause of [his][her] [loss] [injury] [or] [damage]?
YES _ NO _
If your answer to question 3 is YES, please answer question 4. If your answer to question 3 is NO, please skip question 4 and proceed to question 5.
4. State the percentage of any negligence which was a legal cause of [loss] [injury] [or] [damage] to (claimant) that you charge to:
(Defendant) %
(Plaintiff) %
TOTAL MUST BE 100% Please answer question 5.
5. What is the total amount (100%) of any damages sustained by (claimant) and caused by the incident in question? Total damages of (claimant) $
SO SAY WE ALL, this _ day of _, i9__
*381 Foreman/Forewoman
NOTES ON USE
1. The court may change the order in which the questions appear on the verdict.
2. For a model itemized verdict form, as contemplated by § 768.77, Florida Statutes, refer to Model Verdict Form 8.1 or 8.2.

 The order in which the defenses are listed below is not necessarily the order in which the instructions should be given.

 In some cases, it may be necessary to insert the name of a person other than the claimant. The committee expresses no opinion as to whose knowledge may trigger the Statute of Limitations. See, e,g„ Stone v. Rosenthal, 665 So.2d 276 (Fla. 4th DCA 1995); Arthur v. Unicare Health Facilities, Inc., 602 So.2d 596 (Fla. 2nd DCA 1992).